UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

RECEIPT # 42091
C.A. Number: _____   AMOUNT $ 150 ⁰⁰
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __
DATE 9-24-02

|  |  |
|---|---|
| UTILITY CONTRACTORS ASS'N OF NEW ENGLAND, INC., W. WALSH COMPANY, INC., I.W. HARDING CONSTRUCTION, INC., and DENNIS DUGAN<br>    Plaintiffs,<br>v.<br>CITY OF WORCESTER,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NOTICE OF REMOVAL<br>)<br>) 02-11877 NG<br>)<br>) |

Defendant city of Worcester hereby files this Notice of Removal to the United States District Court for the District of Massachusetts, Eastern Division, of Civil Action No. 02-1457, commenced in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Norfolk County, where the action is now pending, by Utility Contractors Ass'n of New England, Inc., W. Walsh Company, Inc., I.W. Harding Construction, Inc., and Dennis Dugan, as plaintiffs, against the city of Worcester, as defendant, as provided by Title 28, U.S.C., § 1441(a) and states:

1. The city of Worcester is the sole defendant in the above entitled action.

2. The above-entitled action was commenced in the Superior Court of Norfolk County, Commonwealth of Massachusetts and is now pending in that court. The summons and complaint were served on Defendant on September 5, 2002.

3. The United States District Court for the District of Massachusetts has original jurisdiction under Title 28 U.S.C. § 1331 to resolve this controversy because the sole count of the complaint seeks a judgment declaring a city residency ordinance "unconstitutional as a violation of the Privileges & Immunities Clause of the United States Constitution" (Complaint, p.

1, paragraph labeled "Introduction"; see, Complaint, p. 11, Prayers for Relief, ¶ 1). The ordinance in question, section thirty-two of chapter two of the Revised Ordinances of Worcester, 1996, requires contracts for the construction, demolition, maintenance and repairs of public buildings and works exceeding twenty-five thousand dollars awarded by the city of Worcester to include a provision requiring the contractor either to provide at least fifty percent of the workhours to be performed by residents of the city of Worcester or to obtain a waiver.

4. A copy of the plaintiffs' summons and complaint, including exhibits A - E, is attached hereto. No other process, pleadings, motions or orders have been filed in this case. Pursuant to Local Rule 81.1, defendant shall file certified copies of all records and proceedings in the state court within thirty days of the date of filing of this Notice of Removal.

5. Defendant has given written notice of the filing of this notice to the plaintiffs and with the clerk of the Norfolk Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant requests that this action proceed in this court.

**CITY OF WORCESTER**
By its Attorney,

_David M. Moore_
David M. Moore (BBO#352850)
City Solicitor
City Hall, Room 301
Worcester, Massachusetts 01608
(508) 799-1161

Dated: September 24, 2002

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24th day of September, 2002, I served a copy of the Notice of Removal upon plaintiffs by mailing the same to Richard D. Wayne, Esq., at 28 State Street, Boston, Massachusetts 02109 and upon the clerk of the Norfolk Superior Court by mailing the same to Clerk, Superior Court Department, Civil Business, 650 High Street, Dedham, Massachusetts 02026.

_David M. Moore_
David M. Moore