UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

C.A. Number: 02-11877 NG

| | |
|---|---|
| UTILITY CONTRACTORS ASS'N OF NEW ENGLAND, INC., W. WALSH COMPANY, INC., I.W. HARDING CONSTRUCTION, INC., and DENNIS DUGAN<br>      Plaintiffs,<br>v.<br><br>CITY OF WORCESTER,<br>      Defendant | ANSWER |

Now comes Defendant city of Worcester and respectfully states the following as its answer and affirmative defenses:

The first paragraph of the complaint is not numbered and is devoid of any factual allegations which call for an answer and, insofar as that paragraph might allege any facts, the defendant denies the same..

1. Defendant city of Worcester admits that Plaintiff Utility Contractors Association of New England, Inc., is a corporation and further answers that it is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph one of the complaint.

2. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph two of the complaint.

3. Defendant city of Worcester admits the allegations in paragraph three of the complaint.

4. Defendant city of Worcester admits that it awarded a contract in the amount of $515,511 for water main cleaning and cement relining to W. Walsh Company, Inc., on the basis of competitive bids in November, 2000 and answers further that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph four of the complaint.

5. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph five of the complaint.

6. Defendant city of Worcester admits the allegations in paragraph six of the complaint.

7. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph seven of the complaint.

8. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph eight of the complaint.

9. Defendant city of Worcester admits only that it awarded a contract in the amount of $1,186,000 for Green Hill Park Improvements (Phase I) to I.W. Harding Construction, Inc., on the basis of competitive bids in 1998, and denies the remaining allegations in paragraph nine of the complaint.

10. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph ten of the complaint.

11. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph eleven of the complaint.

12. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph twelve of the complaint.

13. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph thirteen of the complaint.

14. Defendant city of Worcester denies the allegations in paragraph fourteen of the complaint..

15. Defendant city of Worcester admits the allegations of paragraph fifteen of the complaint.

16. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph sixteen of the complaint.

17. Defendant city of Worcester admits the allegation of paragraph seventeen of the complaint.

18. Defendant city of Worcester denies the allegation in paragraph eighteen of the complaint for the reason that the text of the ordinance as attached to the complaint as "Exhibit A" varies from the text of the ordinance attached to the complaint in "Exhibit E".

19. Defendant city of Worcester answers that paragraph nineteen of the complaint states a legal conclusion (the interpretation of the text of a city ordinance) and is, therefore, devoid of any factual allegation which calls for an answer and, further, defendant city of Worcester denies any allegations of paragraph nineteen for the reason that subsection (c) of the city ordinance allows any contractor to obtain a waiver from the terms of the ordinance thereby making the allegation that the ordinance "requires the employment of a fixed percentage of Worcester residents" false.

20. Defendant city of Worcester answers that paragraph twenty of the complaint states a legal conclusion (the interpretation of the text of a city ordinance) and is, therefore, devoid of any factual allegation which calls for an answer and, further, defendant city of Worcester denies any allegations of paragraph twenty for the reason that subsection (c) of the city ordinance allows any contractor to obtain a waiver from the terms of the ordinance thereby making the allegation that the ordinance "requires" the employment of a fixed percentage of Worcester residents false.

21. Defendant city of Worcester denies the allegation of paragraph twenty-one of the complaint.

22. Defendant city of Worcester denies the allegation in paragraph twenty-two of the complaint for the reason that the text of the ordinance quoted in this paragraph is incomplete, and for the reasons stated in the answer to paragraphs nineteen and twenty.

23. Defendant city of Worcester admits the allegations of paragraph twenty-three of the complaint.

24. Defendant city of Worcester denies the allegations of paragraph twenty-four of the complaint.

25. Defendant city of Worcester denies the allegations of paragraph twenty-five of the complaint on the grounds that the Responsible Employer Ordinance does not "incorporate" the Residency Ordinance, but rather only makes reference to it.

26. Defendant city of Worcester answers that paragraph twenty-six of the complaint states a legal conclusion (the interpretation of the text of a city ordinance) and is, therefore, devoid of any factual allegation which calls for an answer and, further, defendant city of Worcester denies any allegations in paragraph twenty-six of the complaint.

27. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph twenty-seven of the complaint.

28. Defendant city of Worcester denies the allegations of paragraph twenty-eight of the complaint.

29. Defendant city of Worcester denies the allegations of paragraph twenty-nine of the complaint.

30. Defendant city of Worcester denies the allegation in paragraph thirty of the complaint.

31. Defendant city of Worcester answers that, except for the contract referred to in the answer to paragraph four of the complaint, it is without knowledge of information sufficient to form a belief as to the truth of the allegation of paragraph thirty-one of the complaint.

32. Defendant city of Worcester denies the allegations of paragraph thirty-two of the complaint.

33. Defendant city of Worcester denies the allegations of paragraph thirty-three of the complaint.

34. Defendant city of Worcester denies the allegations of paragraph thirty-four of the complaint.

35. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph thirty-five of the complaint.

36. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph thirty-six of the complaint.

37. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph thirty-seven of the complaint.

38. Defendant city of Worcester answers that, except for the contract referred to in the answer to paragraph nine of the complaint, the residency ordinance in question was enacted on March 27, 1984 and that it is without knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph thirty-eight of the complaint.

39. Defendant city of Worcester denies the allegation in paragraph thirty-nine of the complaint.

40. Defendant city of Worcester answers that it is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph forty of the complaint.

41. Defendant city of Worcester denies the allegation in paragraph forty-one of the complaint.

42. Defendant city of Worcester denies the allegation in paragraph forty-two of the complaint.

43. Defendant city of Worcester denies the allegation in paragraph forty-three of the complaint.

44. Defendant city of Worcester denies the allegation in paragraph forty-four of the complaint.

45. Defendant city of Worcester admits the existence and date of the letter, but denies the remainder of the allegations in paragraph forty-five of the complaint, including the implication that UCANE sent any such letter to the chief executive officer of the city of Worcester for the reason that, under the city charter, the "Mayor" of Worcester is a ceremonial office without executive authority.

46. Defendant city of Worcester denies the allegation in paragraph forty-six of the complaint for the reasons that UCANE never petitioned the legislative body of the city of Worcester to rescind the residency ordinance and that its letter to the city solicitor of Worcester was dated August 29, 2002, received on September 3, 2002 and followed two days later by service of the complaint in this case.

47. Defendant city of Worcester admits the allegation in paragraph forty-seven of the complaint.

48. Defendant city of Worcester admits the allegation in paragraph forty-eight of the complaint.

49. Defendant city of Worcester admits the allegation in paragraph forty-nine of the complaint.

50. Defendant city of Worcester admits that the documents attached to the complaint were provided to Plaintiff UCANE, but denies the allegations in paragraph fifty of the complaint to the extent that it alleges that the "City of Worcester" responded to UCANE's public records requests on the grounds that UCANE only filed public records requests with three of the custodians of public records for the city of Worcester.

51. Defendant city of Worcester answers that paragraph fifty-one of the complaint states a legal conclusion and is, therefore, devoid of any factual allegation which calls for an answer and, further, Defendant city of Worcester denies any allegations in paragraph fifty-one of the complaint.

52. Defendant city of Worcester denies the allegations in paragraph fifty-two of the complaint.

53. Defendant city of Worcester denies the allegations in paragraph fifty-three of the complaint.

54. Defendant city of Worcester denies the allegations in paragraph fifty-four of the complaint.

55. Defendant city of Worcester restates its answers to paragraphs one through fifty-four above.

56. Defendant city of Worcester answers that paragraph fifty-six of the complaint states a legal conclusion and is, therefore, devoid of any factual allegation which calls for an answer.

57. Defendant city of Worcester denies the allegations in paragraph fifty-seven of the complaint.

58. Defendant city of Worcester denies the allegations in paragraph fifty-eight of the complaint.

59. Defendant city of Worcester answers that paragraph fifty-nine of the complaint states a legal conclusion and is, therefore, devoid of any factual allegation which calls for an answer.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state any claims upon which relief can be granted to the corporate Plaintiffs, Utility Contractor's Association of New England, Inc., W. Walsh Company, Inc.,

and I.W. Harding Construction, Inc., because corporations are not citizens within the protection of the Privileges & Immunities Clause of the Constitution of the United States.

2. The complaint fails to state any claims upon which relief can be granted to Plaintiff Dennis Dugan because he failed to allege that he is a citizen of any state outside of Massachusetts.

3. Plaintiffs lack standing to challenge the constitutionality of the city of Worcester residency ordinance.

4. The complaint fails to state any claims upon which relief can be granted because it does not specifically set forth an actual controversy between any Plaintiff and the city of Worcester.

5. The complaint fails to state any claims upon which relief can be granted because Plaintiffs have failed to exercise or exhaust available remedies by failing to petition the legislative body of Defendant city of Worcester to accomplish the change in the residency ordinance they seek.

6. Plaintiffs are not entitled to relief because they have failed to notify the attorney general of the commonwealth as required by G.L. c. 231A § 8.

7. Defendant City of Worcester had no legal obligation to conduct studies in response to public records requests filed by plaintiff Utility Contractors Association of New England, Inc.

8. Any failure to produce documentation which justifies the validity of the ordinance in question in response to the partial public records request made by one plaintiff is irrelevant to the question whether the city of Worcester residency ordinance is valid under the Privileges & Immunities Clause of the Constitution of the United States.

9. Worcester's residents ordinance is a valid exercise of local authority under the Privileges and Immunities Clause.

10. The complaint fails to state any claims upon which relief can be granted because the ordinance in question does not impair any fundamental rights held individually or collectively by plaintiffs.

WHEREFORE, plaintiffs' complaint for declaratory judgment should be dismissed with costs and reasonable attorneys fees awarded to the defendant.

                **CITY OF WORCESTER**
                By its Attorney,

                */s/ David M. Moore*
                David M. Moore (BBO#352850)
                City Solicitor
                City Hall, Room 301
                Worcester, Massachusetts  01608
                (508) 799-1161

September 24, 2002

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24th day of September, 2002, I served Defendant's Answer upon plaintiffs by mailing a copy of the same to Richard D. Wayne, Esq., at 28 State Street, Boston, Massachusetts 02109.

                */s/ David M. Moore*
                David M. Moore